[No. B011937. Second Dist., Div. Seven. Jan. 15, 1986.]

CAROLE GABEHART, Plaintiff and Appellant, v.
BENT P. SIMONSEN et al., Defendants and Respondents.

CAROLE GABEHART, Plaintiff and Appellant, v.
NATIONAL MEDICAL GROUP, INC., et al.,
Defendants and Respondents.

**COUNSEL**

Richard L. Moser for Plaintiff and Appellant.

McKay, Byrne, Graham & Van Dam, Michael A. Byrne, Edwin B. Warren and Stephen L. Schumm for Defendants and Respondents.

**OPINION**

**LILLIE, P. J.**—Carole Gabehart appeals from summary judgment entered on her complaints for the wrongful death of her adult son.

## I

### FACTS

Thirty-two year old Kenneth Rick Gabehart was seriously injured in a fall on the outside stairway of his rented apartment. He received medical treatment from Henry Bisaccia, M.D. and National Medical Group, Inc., but died from internal hemorrhaging two months after the fall. His mother, Carole Gabehart, brought an action for her son's wrongful death against the apartment owners, Bent P. Simonsen and Professional Real Estate Management (No. SOC67834) alleging negligent maintenance of the stairway railing, and a separate wrongful death action against the doctor and medical group (No. SOC69262) alleging medical malpractice.

A wrongful death action based on the same facts was also filed against these defendants on behalf of 12-year-old Kenneth Christopher Gabehart by

his mother, Diana Schmidt (No. SOC71438), in which it was alleged that Kenneth Christopher was the natural son of the decedent. All three actions were consolidated for trial.

Defendant property owners moved for summary judgment against decedent's mother, Carole Gabehart, on the grounds that she had no standing to maintain an action for wrongful death under Code of Civil Procedure section 377, inasmuch as decedent left lawful issue, Kenneth Christopher, and Carole Gabehart was not a dependent parent of decedent. The motion was granted and judgment entered in favor of property owners and against Carole Gabehart. A similar summary judgment motion brought by the medical group was granted, and judgment entered. Carole Gabehart appeals from these judgments.

## II

### Discussion

Under Code of Civil Procedure section 377, subdivision (a), an action for wrongful death may be maintained by the decedent's heirs, or by personal representatives on behalf of the heirs. Subdivision (b) defines the term "heirs" for purposes of subdivision (a) to mean, as here pertinent, (1) those persons who would be entitled to succeed to the property of the decedent according to the intestate succession provisions of the Probate Code,[1] or (2) a parent dependent on the decedent, whether or not an "heir" under paragraph (1). The evidence was uncontroverted that decedent's mother in this case was not a dependent parent; thus her only basis for maintaining a wrongful death claim was as his heir as defined in the Probate Code.

Probate Code section 222 provides: "If the decedent leaves no surviving spouse, but leaves issue, the whole estate goes to such issue; . . . ." Decedent in this case left no surviving spouse; thus, if 12-year-old Kenneth Christopher Gabehart is the son of the decedent, he is decedent's sole heir pursuant to section 222. However, if he is not decedent's son, heirship is instead based on section 225, which provides: "If the decedent leaves neither issue nor spouse, the estate goes to his parents in equal shares, or if either is dead to the survivor . . . ." Appellant, as decedent's mother and surviving parent, would then be his sole heir.

---

[1] The Probate Code was amended in 1983, operative January 1, 1985, including repeal of the intestate succession statutes found in section 200 et seq., and enactment of new provisions, found in section 6400 et seq. However, the repealed sections continue to apply to estates of decedents who died before January 1, 1985. (Prob. Code, § 6414.) Inasmuch as decedent in the present case died on July 8, 1982, this case is governed by the former Probate Code provisions, and all references are to those sections.

In their summary judgment motion, the property owners asserted that appellant was not decedent's heir and consequently not entitled to bring the wrongful death action inasmuch as it was an undisputed material fact that Kenneth Christopher Gabehart was decedent's child and heir.[2] The later summary judgment motion by the medical group asserted the same grounds. Appellant opposed the motions on the grounds that the minor child was not decedent's heir because paternity was never determined during decedent's lifetime; this is the same basis for her contention that the trial court erroneously granted the summary judgment motions. In support of this position, appellant attached as exhibits a paternity complaint filed against decedent by San Bernardino County on behalf of Kenneth Christopher Gabehart in 1977, decedent's verified answer to the complaint denying paternity, and the request for dismissal of the paternity action filed by San Bernardino County in 1980.

■ A careful reading of the applicable statutes reveals that appellant is incorrect in her assertion that paternity cannot be established after the alleged father's death. Probate Code section 255, subdivision (a) provides: "The rights of succession by a child . . . are dependent upon the existence, prior to the death of the decedent, of a parent and child relationship between such child and decedent." Subdivision (d) explains: "For purposes of this division, a parent and child relationship exists where such relationship is (1) presumed and not rebutted pursuant to, or (2) established pursuant to, Part 7 (commencing with Section 7000) of Division 4 of the Civil Code." The statute thus contemplates that the relationship may exist either because there are facts sufficient to create a presumption of paternity under Civil Code section 7004, or because a civil action has established the parent and child relationship. (Civ. Code, §§ 7006, 7015.)

Section 255, subdivision (a) requires that the relationship exist "prior to the death of the decedent." This requirement would seem to preclude the bringing of a civil action to establish paternity after the decedent's death. However, where the relationship is based on presumption, it "exists" as of the time of the occurrence of the facts giving rise to the presumption; nothing in the section indicates a need for formal adjudication of the presumption in order for the relationship to exist. Thus where the facts occur prior to the death of the decedent, the relationship exists prior to the death of the decedent in compliance with section 255, subdivision (a), even though no use of the presumption is made until after decedent's death.

■ Under Civil Code section 7004, subdivision (4), a man is presumed to be the natural father of a child if "[h]e receives the child into his home

---

[2] Also presented as undisputed material facts were the date and cause of decedent's death and that appellant was never financially dependent upon the decedent. No opposition was presented by appellant as to these asserted facts, and there is no claim of error as to them.

and openly holds out the child as his natural child.'' The record before us includes deposition testimony of the child's mother indicating that she, the decedent and the child lived in the same household for more than a year, and that even after the decedent no longer lived with her, he would take the child for weekend visits. In her deposition, appellant said she had heard ''rumors'' directly from her son, the decedent, that he had fathered a male child, and that the child's mother was a woman named Diana with whom he had been living.

There is evidence that the decedent received the child into his home, both while he cohabited with the child's mother and afterwards, and that he openly held the child out as his own. Without weighing this evidence, we simply note that it may satisfy the factual requirements for decedent to be presumed to be the natural father of Kenneth Christopher Gabehart (Civ. Code, § 7004, subd. (4).) If it does, and if it is unrebutted, this presumption will be sufficient to demonstrate that a parent and child relationship existed between decedent and Kenneth Christopher prior to decedent's death for purposes of succession under Probate Code section 255.

■ Although we conclude that the parent-child relationship may be found to exist under the facts of this case, it was determined herein on motions for summary judgment. ■ "In passing upon a motion for summary judgment, the trial court's function is not to find the true facts in the case, but to determine whether a triable issue of fact exists. [Citations.] If a triable issue of fact exists, it is error to grant a summary judgment. [Citation.]'' (*Terry* v. *Atlantic Richfield Co.* (1977) 72 Cal.App.3d 962, 966 [140 Cal.Rptr. 510].) "In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, . . . and all inferences reasonably deducible from such evidence, except summary judgment shall not be granted by the court based on inferences reasonably deducible from such evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact.'' (Code Civ. Proc., § 437c, subd. (c).)

■ Indeed, the evidence submitted in support of the motions did raise the inference that decedent was the father of Kenneth Christopher Gabehart. However, in opposition to the motions, appellant submitted the verified answer of decedent to the paternity action in which he denied that he was Kenneth Christopher's father, contradicting the inference of paternity. There was a triable issue of material fact as to the existence of the parent and child relationship. The trial court erred in granting the motions and entering the summary judgments.

# III

## DISPOSITION

The judgments are reversed.

Thompson, J., and Johnson, J., concurred.